UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS CAMERON AZIZ, | Case No. CV 21-3959-DSF (JPR) |
| Plaintiff, | |
| v. | ORDER LIFTING STAY AND DISMISSING ACTION WITHOUT PREJUDICE |
| BRANDON ARTH et al., | |
| Defendants. | |

On February 13, 2024, Defendants filed a Suggestion of Death, indicating that Plaintiff in this civil-rights action had died on or about January 19. (Rep., ECF No. 91 at 2 & Ex. A.) Two days later the Court ordered Defendants to serve Plaintiff's successors-in-interest with the Suggestion of Death under Federal Rule of Civil Procedure 25(a) and file proof of such service. The Court stayed this action pending any motion to substitute by those successors-in-interest and ordered the Clerk to administratively close the case.

On March 19, 2024, Defendants filed notice that they had identified Plaintiff's successor-in-interest as his wife and

provided her and Plaintiff's four adult sons with the Suggestion of Death. (Bakman Decl., ECF No. 94.) After the Court requested clarification on whether the successors had been served in compliance with Federal Rule of Civil Procedure 4, as Rule 25(a)(3) requires, Defendants filed supplemental declarations on June 19. That filing makes clear that Plaintiff's wife was served with the Suggestion of Death on March 6, 2024. (Saenz Decl. ¶ 2, ECF No. 99-2.)

Rule 25(a)(1) provides that

> [i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Under federal common law, "federal claims typically survive a decedent's death if they are remedial in nature and not penal." Wheeler v. City of Santa Clara, 894 F.3d 1046, 1056-57 (9th Cir. 2018). "Claims for non-economic compensatory damages in the form of pain and suffering, emotional distress, and the like, are not punitive and therefore survive[] [plaintiff's] death." Id. at 1057 (citing Lopez v. Regents of Univ. of Cal., 5 F. Supp. 3d 1106, 1119-20 (N.D. Cal. 2013)). Plaintiff's Complaint seeks compensatory damages for damages and injury caused by Defendants' alleged use of "excessive and deadly" force. (See Compl. at 8-9, ECF No. 3.) Such claims are not punitive and survive Plaintiff's death.

Rule 25(a) requires "two affirmative steps" to trigger its 90-day period, after which, if no one has moved to substitute in, the Court "must" dismiss the lawsuit. Barlow v. Ground, 39 F.3d 231, 233 (9th Cir. 1994). "First, a party must formally suggest the death of the party upon the record." Id. As noted, Defendants did that back in February. "Second, the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death." Id. Defendants accomplished that with service of Plaintiff's wife on March 6, also providing notice to Plaintiff's four adult sons a few days later. The 90 days has expired, and neither Plaintiff's successor-in-interest, his wife, nor anyone else has moved to substitute in.

Accordingly, the previously imposed stay is VACATED and this action must be and is DISMISSED without prejudice. The Clerk is directed to terminate the gavels on ECF numbers 53, 66, and 68.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: June 24, 2024

HON. DALE S. FISCHER
U.S. DISTRICT JUDGE

Presented by:

Jean P. Rosenbluth
U.S. Magistrate Judge

3